# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

GERARD WALSH,　　　　　　　　　　　Case No. 08-11381-RGM
　　　　　　　　　　　　　　　　　　　(Chapter 7)
　　　　Debtor.

### MEMORANDUM OPINION AND ORDER

THIS CASE is before the court on the proposed reaffirmation agreement between the debtor and USAA Federal Savings Bank, filed on June 10, 2008 (Docket Entry 21). The Bankruptcy Code requires that debtor's counsel make certain certifications before a reaffirmation agreement is effective in every case where there is an "attorney that represented the debtor during the course of negotiating" a reaffirmation agreement. 11 U.S.C. §524(c)(3). The debtor has been represented by counsel throughout this case. Counsel did not make certifications required by §524(c)(3) on Part C of the reaffirmation agreement.

The court agrees with Judge Huennekens that where the debtor has counsel of record, counsel must make the required certifications in order for a reaffirmation agreement to be enforceable. This is true regardless of whether counsel actually participated in the process of negotiating the reaffirmation agreement. *See In re Isom*, 2007 WL 2110318, *3 (Bankr.E.D.Va. 2007); *see also Jamo v. Katahdin Fed. Credit Union (In re Jamo)*, 283 F.3d 392, 403 (1st Cir. 2002) (rejecting a reaffirmation agreement where the debtor had counsel and counsel did not execute the certification); *Chase Auto. Fin., Inc. v. Kinion (In re Kinion)*, 207 F.3d 751, 756 (5th Cir. 2000) (same); *In re Caravajal*, 365 B.R. 631, 632 (Bankr.E.D.Va. 2007) ("[B]y accepting a chapter 7 case, counsel is accepting all aspects of the case including counseling with respect to reaffirmation

agreements").

In addition, the presumption of undue hardship arises as provided in §524(m)(1) which states:

> [I]t shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt.

11 U.S.C. §524(m)(1). Section 524(k)(6)(A) requires completion of Part D. Because the debtor did not complete Part D, the court cannot determine whether there is a presumption of undue hardship and, thus, whether counsel should have given the opinion that notwithstanding an undue hardship, the debtor is able to make the required payments.

Because counsel did not execute Part C of the agreement, it does not satisfy §524(c)(3). Court review of the agreement is not required unless counsel first makes all the certifications as required in §524(c)(3). In addition, since §524(k)(6)(A) was not complied with, §524(c)(2) which incorporates §524(k) was not complied with either. Because all of the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

For the foregoing reasons, it is,

ORDERED that the reaffirmation agreement is not effective.

Alexandria, Virginia
June 25, 2008

                                                      /s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Sean E. Underwood
Richard S. Ralston

14388